**KELLEY et al. v. EVERGLADES DRAINAGE DIST.**

**No. 10111.**

Circuit Court of Appeals, Fifth Circuit.

May 7, 1942.

Rehearing Denied June 2, 1942.

Miller Walton, of Miami, Fla., for appellants.

M. Lewis Hall and Alfred E. Sapp, both of Miami, Fla., John D. McCall and Millard Parkhurst, both of Dallas, Tex., and Louis C. Guidry, of New Orleans, La., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On June 13, 1941, Everglades Drainage District filed its petition seeking confirmation of a plan for the composition of its debts under the provisions of Chapter IX of the Bankruptcy Act, 11 U.S.C.A. § 403. The petition alleged that the District was unable to pay its debts as they matured; that a plan of composition had been prepared, a copy of which was attached to the petition; and that creditors owning more than fifty-one per cent in amount of its indebtedness had accepted the plan in writing. A list of the creditors was attached to the petition, and Ranson-Davidson Investment Company was listed as a consenting creditor holding bonds aggregating more than seven million dollars, and more than fifty-one per cent of the indebtedness affected by the plan. This company's written acceptance of the plan bore date of June 12, 1941. The District Court approved the petition as being properly filed in good faith and in compliance with the statute, and ordered a hearing after notice to creditors. Thereafter, H. W. Kelley and others, objecting creditors, sought and were granted additional time in which to file answers, objections, and pleadings in the cause; and on September 5, 1941, they filed motions to dismiss the petition on the ground that the consenting creditor, Ranson-Davidson Company, was not, and had never been, the owner of not less than fifty-one per cent in amount of the indebtedness affected by the plan, and

that, therefore, when the petition was filed and the orders were entered approving it as properly filed, the plan had not been accepted by owners of the requisite percentage of the District's outstanding indebtedness as required by the statute, 11 U.S.C.A. § 403, sub. a. A hearing was held on the motions to dismiss the petition, and the court ruled that the burden was on the petitioner District to prove that owners of not less than fifty-one per cent of its indebtedness had consented to the proposed plan of composition. The petitioner thereupon introduced evidence bearing upon this issue, and the court, being satisfied by proof that the requisite consent had in fact been obtained, found for the petitioner, denied the motions to dismiss, and appointed a master to proceed with the taking of testimony in the cause.

The appellants contend here as they did in the court below that the bonds held by Ranson-Davidson Company in June, 1941, had been previously deposited with a bondholders' protective committee; that the committee was without authority to sell the bonds at less than their par value until after thirty days' written notice had been given to depositing bondholders; that for this reason the sale and delivery of the bonds on June 6, 1941, to a syndicate of which Ranson-Davidson Company was a member, did not and could not pass title to the bonds until thirty days thereafter and on July 6, 1941, when the required notice to depositors had expired; that at the time of the filing of the petition and entry of the approval orders, title to the bonds was still in the bondholders' committee; and that the committee, and not Ranson-Davidson Company, was the only one that could have accepted the plan and entered the proper written consent. Their second contention is that if title did pass by the sale of June 6th, it passed to a syndicate of four members, and that Ranson-Davidson Company, being but one member of that syndicate, could not enter a proper written consent even though its action in consenting to the plan was authorized and ratified by the other syndicate members.

These contentions of the appellants are technical in the extreme. It is not shown that Ranson-Davidson Company attempted to give consent to the plan of composition for the bonds owned by any objecting creditor. Members of the syndicate have made no objection to the con-

sent given, and it appears that they expressly authorized, ratified, and approved the action taken by Ranson-Davidson Company. Indeed, it appears that holders of over ninety per cent in amount of the District's indebtedness consented to and accepted the plan, and that, including these appellants, holders of only two and one-half per cent of the indebtedness objected to confirmation of the plan of composition. Moreover, after acceptance of the plan by Ranson-Davidson Company and the filing of the petition, Reconstruction Finance Corporation was authorized by the court to acquire the bonds held by Ranson-Davidson Company, and thereafter Reconstruction Finance Corporation accepted the proposed plan of composition in writing.

■■■ This appeal does not raise issues respecting the equity or fairness of the plan of composition which was confirmed by the trial court after the coming in of the master's report and a hearing, and no good purpose could be served by reversing the cause for alleged technical defects in and about the filing of the petition and requiring the District to start over again at the beginning. Such procedure would result in much delay, and would put the District and the creditors to additional, unnecessary, and useless expense. The issues of fact and of law raised by the motions to dismiss were fully heard and considered by the trial court. Its ruling was fully supported and will not be disturbed. See Ouerbacker v. Henderson County, 4 Cir., 126 F.2d 309.

Affirmed.